DECISION AND JUDGMENT ENTRY
{¶ 1} On July 11, 2005, the State arrested Duane A. Staffin on charges of Theft from an Elderly Person. On May 17, 2007, 674 days later, the Ross County Court of Common Pleas dismissed the charges on the grounds that the statutory time limit for a speedy trial had expired. On appeal, the State argues that a continuance granted to the State tolled the speedy trial period. The trial court had concluded this continuance did not toll the time because the entry granting it did not state which party had sought the continuance or against whom it would be charged for speedy-trial purposes. However, where the record affirmatively indicates the party requesting the continuance and the reasonableness of the continuance, the speedy trial period is tolled. Nonetheless, we hold that this continuance does not toll the time limit because the record supports the trial court's alternative finding that the State did not act diligently in securing its *Page 2 
witnesses for a hearing or in requesting the continuance. The State also argues that Staffin's motion to compel discovery extended the speedy-trial period. However, the record supports the trial court's finding that the motion did not toll the speedy-trial period because of the unreasonable delay in deciding the motion. Finally, we hold that the 364 days it took to decide Staffin's motion to suppress was presumptively an unreasonable delay.
 {¶ 2} Staffin presented a prima facie case that the State failed to bring him to trial within 270 days. Because the State has failed to meet its burden to demonstrate that the speedy-trial period had not lapsed, we affirm the judgment of dismissal.
 I. Facts {¶ 3} On July 8, 2005, a Ross County grand jury indicted Staffin on charges of Theft from an Elderly Person, a violation of R.C. 2913.02 and a first-degree felony. Because this case involves the question whether the State violated Staffin's statutory rights to a speedy trial, the following dates and events are relevant. The State arrested Staffin on July 11, 2005, and on the same day he was released on bond. The trial court scheduled a pretrial conference for August 15, 2005, which the court continued on Staffin's motion until August 19, 2005. On August 25, 2005, Staffin filed a motion to suppress his statements to police, and the trial court set a hearing date for November 23, 2005. However, on November 18, 2005, the State moved for a continuance on the grounds that one of its witnesses would be unavailable because of a prearranged vacation. The trial court granted this motion on November 28, 2005, and reset the hearing for January 31, 2006, because of "the unavailability of the lead investigating officer." On August 24, 2006, the trial court granted Staffin's motion to suppress. *Page 3 
 {¶ 4} The trial court scheduled a status hearing for December 15, 2006, which the court continued to January 19, 2007, on Staffin's motion. On January 26, 2007, the trial court set a trial date for May 21, 2007. That same day, Staffin moved for an order compelling the State to produce a written report prepared by one of the investigating officers because he believed it contained exculpatory evidence. The State did not respond to this motion before the hearing date set for April 12, 2007. At the hearing, the officer testified that he did not recall there being any such report; however, he also stated that no one had asked him to search for a report prior to the morning of the hearing. The trial court orally ordered the State to turn over any reports it located in the future. On May 17, 2007, Staffin moved to dismiss the charges on the grounds that the State had violated his rights to a speedy trial. After the trial court granted this motion and dismissed the case, this appeal followed.
 II. Assignments of Error {¶ 5} The State has raised one assignment of error: "The Trial Court erred in its dismissal of this case based upon its calculation of speedy trial pursuant to Ohio Revised Code Sections 2945.71 and 2945.72."
 III. Standard of Review {¶ 6} Appellate review of a trial court's decision regarding a motion to dismiss based on a violation of the speedy trial provisions involves a mixed question of law and fact. State v. Pinson, Scioto App. No. 00CA2913, 2001-Ohio-2423. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. State v. Floyd Thomas, Adams App. No. 06CA825, *Page 4 2007-Ohio-5340, at ¶ 8. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the State. Brecksville v. Cook,75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.
 IV. The Right to a Speedy Trial {¶ 7} The State argues that the trial court erred in dismissing its case against Staffin on the basis of a violation of his right to a speedy trial. The State must bring a person arrested and charged with a felony to trial within 270 days. R.C. 2945.71 (C)(2). If the State does not bring the defendant to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). The rationale supporting the speedy-trial statute is to prevent inexcusable delays caused by "indolence" within the judicial system. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24 (quoting State v. Ladd
(1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579). Here, there is no dispute that the state failed to try Staffin within 270 days. Thus, he has presented a prima facie case for discharge. State v. Butcher (1986),27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. Therefore, the burden shifted to the State to show that the R.C. 2945.71 limitations have not expired by demonstrating that R.C. 2945.72 extended the time limit.Butcher, 27 Ohio St.3d at 31, 500 N.E.2d 1368; see alsoBrecksville, 75 Ohio St.3d at 55-56, 661 N.E.2d 706 ("[T]he prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71
time prescriptions." (quoting State v. Wentworth (1978),54 Ohio St.2d 171, 173, 375 N.E.2d 424)).
 {¶ 8} R.C. 2945.72 provides that: *Page 5 
 The time within which an accused must be brought to trial * * * may be extended only by the following:
 * * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 * * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *
The State bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant is tried within the speedy-trial period. State v. Whitt, Scioto App. No. 04CA2962, 2005-Ohio-5154, at ¶ 16; State v. Brewster (1st Dist.),157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162, at ¶ 6.
 {¶ 9} When computing how much time has run against the State under R.C. 2945.71, we will begin with the day after the date that the State initially arrested the accused. R.C. 1.14; Crim.R. 45(A); State v.Buck, Ross App. No. 98CA2432, unreported, citing State v.Lautenslager (3rd Dist. 1996), 112 Ohio App.3d 108,111-12, 677 N.E.2d 1263. Thus, the time in which the State had to bring Staffin to trial began running on July 12, 2005, the day after he was arrested and released on bail. From that date until May 17, 2007, when Staffin filed his motion to dismiss, is 674 days. The State argues that tolling occurred: between August 15 and August 19, 2005, during a continuance granted on Staffin's motion (four days); between August 25, 2005 and August 24, 2006, while Staffin's motion to suppress was pending (364 days); between December 14, 2006, and January 19, 2007, during a second continuance granted on Staffin's motion (36 days); and from January 26 to April 12, 2007, during which time *Page 6 
Staffin's motion to compel discovery was pending (76 days).[1] Thus, according to the State, 480 of the 674 days were tolled pursuant to R.C.2945.72(E) and (H), and the 270th day had not passed.
 {¶ 10} The trial court found that two periods of time must be charged against the State. First, the trial court concluded that the speedy trial period was not tolled during a continuance granted to the State between November 23, 2005, and January 31, 2006. The journal entry is clear that the court granted the continuance because of the unavailability of the State's witness. However, the trial could decided that, because the entry does not state against whom the continuance was charged and whether the speedy trial period continued to be tolled, this 69-day period must be charged against the State. The trial court also noted that "[t]he State waited seven weeks after it was notified of the hearing date before issuing a precipe for subpoenas for the two witnesses it intended to call. The State waited three weeks after the service of the subpoenas on Agent Kessler to seek a continuance based on his unavailability." It appears that the trial court concluded that if the State had acted more diligently, the next available date for a hearing would have been sooner than January 31, 2006.
 {¶ 11} We agree with the State that this time period does not have to be charged against the State by virtue of the trial court's failure to journalize the party against whom the continuance is charged and whether the speedy trial period has been tolled. Staffin relies on State v.Corfias (1994), Gallia App. No. 93CA03, unreported, a plurality opinion, for the proposition that "the court's failure to identify the party against whom the *Page 7 
continuance is chargeable means that any period of delay caused by the continuance must be counted against the State." However, in articulating this rule, the plurality opinion in Corfias relied on cases involving continuances that were never journalized and continuances granted sua sponte by the trial court. Moreover, in State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, at ¶ 62, the Supreme Court of Ohio questioned the holding of State v. Geraldo, 13 Ohio App.3d 27,13 OBR 29, 468 N.E.2d 328, the case primarily relied on in Corfias. The Supreme Court explained that it had never required the journal entry granting a continuance to identify the party requesting the continuance; it held instead that, where the record in the case indicates the party requesting the continuance and the reason for the request, and where "the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof," time is tolled.Myers, 2002-Ohio-6658, at ¶ 62. See also State v. Conkright, 6th Dist. No. L-06-1107, 2007-Ohio-5315, at ¶ 29 ("[A]lthough the court must put the reasons for continuance into a journal entry when it grants a sua sponte continuance, when a state's request for a continuance is granted, the reasons need merely be in the record.").
 {¶ 12} In this case, the record clearly establishes the court granted the State's request for a continuance because a key prosecution witness was unavailable for the suppression hearing. We have previously held that the unavailability of a witness may be an appropriate ground for a continuance that tolls the speedy trial time limitation under R.C.2945.72(H). State v. Jones (1994), Ross App. No. 93CA1989, unreported (holding that the trial court reasonably granted a continuance beyond the speedy trial deadline to allow a witness who had become ill); see also State v. Baker, 12th Dist. No. *Page 8 
CA2005-05-017, 2006-Ohio-2516, at ¶ 35 (holding that a continuance necessitated by unavailability of key prosecution witness was reasonable); State v. Elliott, 10th Dist. No. 03AP-605, 2004-Ohio-2134, at ¶ 17 ("[T]he state's request for a continuance was reasonable as it was premised, in part, on the absence of one of the state's key witnesses, * * * who was on vacation and unavailable for the * * * trial."). Notably, Staffin does not argue that it was unreasonable to grant the continuance; instead he relies on the purported insufficiency of the trial court's entry. However, the record and the entry sufficiently support the granting of a continuance. Accordingly, we hold that the trial court erred as a matter of law in charging this continuance against the State on the grounds that the entry was insufficient.
 {¶ 13} However, the trial court also charged the delay caused by this continuance against the State because of its lack of diligence in subpoenaing its witnesses and its lack of diligence in seeking a continuance. In State v. Reeser (1980), 63 Ohio St.2d 189, 191, 407
N.E.2d25, the Supreme Court of Ohio held that a continuance is not "reasonable" for purposes of R.C. 2945.72(H) where the State has not diligently sought the attendance of its witnesses. The State argues that the continuance must be charged against Staffin because the witness's vacation plans had been set prior to the State's notice of the hearing date and, therefore, the hearing had to be rescheduled regardless of the State's diligence. However, the trial court apparently concluded that, had the State acted more diligently, some of the delay could have been avoided. Thus, the trial could found that the length of the continuance was unreasonable. The State bears the burden of demonstrating that the continuance was reasonable in purpose and duration. See State v.Gragg (1995), Ross App. No. 94CA2038, unreported ("Appellee *Page 9 
has met its burden of proving that the speedy trial deadline was validly extended, and this Court concludes that the continuance was reasonable in both purpose and duration."). Because the record does not contain facts showing that the 69-day delay in this case was reasonable, we cannot say that the State has met its burden in demonstrating that part or all of this time was chargeable against the defendant. See State v.Easley, Scioto App. No. 03CA2910, 2005-Ohio-767, at ¶ 18 ("With no explanation for the delay set forth in the judgment entry, and with no evidence in the record to substantiate that it should be attributed to appellant, we have no choice but to apply it against the speedy trial time limit.").
 {¶ 14} Next, the trial court concluded that the speedy trial limitation period was not tolled while Staffin's motion to compel discovery was pending, a period of 76 days. The State cites State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 23, for the proposition that a defendant's discovery request tolls the running of the speedy trial period. However, in Brown, the court explained that it was sensible to interpret R.C. 2945.72(E) as allowing a defendant's discovery request to toll the speedy trial period because "[d]iscovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay."Brown, 2002-Ohio-7040, at ¶ 23. This language suggests that the speedy trial period is only tolled for the time that it would reasonably take the prosecution to respond to the discovery request. In its entry granting Staffin's motion to dismiss, the trial court specifically found that the "motion to compel discovery neither delayed the trial nor interfered with the State's ability to prepare for trial." *Page 10 
 {¶ 15} However, in State v. Sanchez, 110 Ohio St.3d 274,2006-Ohio-4478, 853 N.E.2d 283, at ¶ 26, the Supreme Court of Ohio held that R.C. 2945.72(E) creates no "affirmative duty to show that a motion diverted the prosecutor's attention or caused a delay in the proceedings before speedy-trial time is tolled * * *." In Sanchez, the court held that a motion in limine tolls the speedy trial period for "a reasonable period to allow the state an opportunity to respond and the court an opportunity to rule." What constitutes a reasonable time `"depends on the particular facts and circumstances of a particular case.'" State v.Monroe, Scioto App. No. 05CA3042, 2007-Ohio-1492, at ¶ 34, quotingState v. Saffell (1998), 35 Ohio St.3d 90, 91, 518 N.E.2d 934. See alsoState v. Mullins (3rd Dist.), 152 Ohio App.3d 83, 2003-Ohio-477,786 N.E.2d 911, at ¶ 11 ("When considering the reasonableness of time taken by a trial court to rule on a defense motion, we must take into account the particular circumstances of the case, including the factual and legal complexities involved and the time constraints of the particular trial judge's schedule."). Here, any tolling brought about by the motion to compel was minimal. The record supports the trial court's ruling that the merits of the motion to compel did not necessitate a delay of 76 days in order for the State to respond and the court to rule. In fact, the State apparently did not respond to the motion to compel until the day of the hearing. Further, the record is silent regarding why the trial court waited 76 days before holding a hearing. Thus, the State has failed to meet its burden to show that the length of the delay in this case was reasonable.
 {¶ 16} We are also concerned about the 364 days it took to decide Staffin's motion to suppress. A defendant's motion to suppress tolls the speedy trial period. R.C. 2945.72(E); Myers, 2002-Ohio-6658, at ¶ 44. However, "an unreasonable or *Page 11 
excessive delay in determining such a motion may violate a defendant's speedy trial rights." State v. Hurst (1999), Gallia App. No. 98CA08, unreported, citing State v. Arrizola (1992), 79 Ohio App.3d 72,606 N.E.2d 1020; see also State v. Shilling (1996), Washington App. No. 96CA30, unreported ("A `reasonable' amount of time spent by the trial court considering an accused's motion is attributable to the accused."). Neither the State nor Staffin have raised the question of whether a year was a reasonable length of time to decide this motion.
 {¶ 17} Staffin filed his motion to suppress on August 25, 2005. The court originally set a hearing on that motion for November 23, 2005, but moved it to January 31, 2006. At the two-day hearing, the parties presented the testimony of four witnesses and generated a transcript of 159 pages. Following the hearing, the court ordered the parties to file additional briefs, which occurred on March 29, 2006. However, following that date, there was no action of record for the next 148 days. There were no additional hearings held or motions, orders, or even requests for subpoenas filed until the trial court entered its order granting the motion to suppress on August 24, 2006. The motion does not appear to raise any uncommon or unusually complex legal issues; Staffin moved to suppress his statements to police on the grounds that they were obtained before the police read Staffin his Miranda rights. Staffin was interrogated in the presence of a local attorney who was not representing Staffin and who testified that Staffin was in custody and not read his rights when the police obtained his statement. The trial court concluded that the investigators in this case were not credible, that Staffin was in custody when he first made his statements to police, and that Staffin's pre-Miranda statements tainted his laterpost-Miranda statements. *Page 12 
 {¶ 18} Although the Supreme Court has held that a defendant's motion tolls the speedy time period for a reasonable time:
 [t]his does not imply that the state may prolong its response time or that a trial court has unbridled discretion in taking time to rule on a defense motion. * * * [A]s we have already stated, "[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible."
Sanchez, 2006-Ohio-4478, at ¶ 27, quoting State v. Martin (1978),56 Ohio St.2d 289, 297, 384 N.E.2d 239. This Court and others have suggested that the 120-day period prescribed in Sup. R. 40 for ruling on a motion "serves as an indication of what a reasonable amount of time would be in a typical case." State v. Keaton (1996), Pickaway App. No. 95CA15, unreported (discussing predecessor rule); see also State v.Baker, 12th Dist. No. CA2005-05-017, 2006-Ohio-2516, at ¶ 43 ("At best, appellant can only be charged with 120 days as a result of his filing his motion to reconsider, as the record fails to demonstrate that the trial court needed any more time than the 120-day period prescribed in Sup. R. 40 for ruling on that motion."); State v. Fields, 5th Dist No. 05-CA-17, 2006-Ohio-223, at ¶ 26 ("Pursuant to Sup. R. 40, * * * 120 days is a reasonable amount of time within which to rule on appellant's * * * Motion to Suppress."). Further, the Supreme Court of Ohio has suggested that, in addition to the facts and circumstances of the case, courts should consider the time limits imposed by court rules in determining how long to toll the speedy trial period. See State v. Palmer,112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, at ¶ 24 (holding that, in calculating the time in which the speedy trial period was tolled because of a defendant's failure to comply with the State's reciprocal discovery request, "a trial court shall determine the date by which the defendant should reasonably have responded to [the] request based *Page 13 
on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable").
 {¶ 19} Here, the record is silent concerning why it took one-year to decide Staffin's motion to suppress. The State bears the burden to demonstrate that the speedy trial period was extended by Staffin's motion, which requires the State to show that it took a reasonable amount of time to decide the motion. Whitt, 2005-Ohio-5154, at ¶ 16
("Once [the defendant] established a prima facie case for discharge, the burden of proof shifted to the state to show that the speedy-trial time limit had not expired."); Shilling, supra ("A `reasonable' amount of time spent by the trial court considering an accused's motion is attributable to the accused."). We hold that a one-year delay in deciding Staffin's motion to suppress was presumptively unreasonable. And there is nothing in the record that justifies such a lengthy period. See Easley, 2005-Ohio-767, at ¶ ¶ 18 ("With no explanation for the delay set forth in the judgment entry, and with no evidence in the record to substantiate that it should be attributed to appellant, we have no choice but to apply it against the speedy trial time limit.").
 {¶ 20} Accordingly, we hold that the State has failed to meet its burden to demonstrate that the speedy trial period was tolled. Therefore, we affirm the judgment dismissing the charges against Staff in.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] In our calculations, we have not included the date a motion was filed, unless the date was also the date an order was entered resolving the motion. Thus if a defense motion was filed on March 15, and decided on March 16, only one day would be counted. State v. Webb, Washington App. No. 01CA32, 2002-Ohio-3552, at n. 3, citing United States v.Thomas (6th Cir. 1995), 49 F.3d 253, 256. *Page 1