DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Aaron Younker, appeals from his conviction by the Highland County Court of Common Pleas for one count of sexual battery, a felony of the second degree. For the following reasons, we affirm.
 {¶ 2} Police arrested Younker on March 15, 2006, based on a complaint of rape. The Highland County Grand Jury indicted him on May 2, 2006, on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. At his arraignment on May 17, 2006, Younker pled not guilty.
 {¶ 3} On May 22, 2006, Younker filed a request for discovery and a demand for a bill of particulars. On May 23, 2006, plaintiff-appellee ("the State") answered Younker's discovery request and filed its own request for discovery. The State complied with Younker's demand for a bill of particulars on June 5, 2006. Younker answered the *Page 2 
State's discovery request on June 7, 2006.
 {¶ 4} On June 7, 2006, Younker also filed a motion for leave to file a motion to suppress. The court granted Younker leave to file a motion to suppress by June 30, 2006. He did not. Younker filed a second motion for leave on August 30, 2006. The court also granted that motion. Younker ultimately filed his motion to suppress on September 5, 2006. The court held the suppression hearing on May 23, 2007. The parties then filed post hearing briefs, and the court denied the motion to suppress on June 15, 2007.
 {¶ 5} While the motion to suppress remained pending, Younker filed several motions that delayed proceedings on his case. Younker requested continuances of the trial date on two occasions. Due to motions to withdraw and pro se requests for new counsel, Younker changed attorneys three times during this period. In addition, on September 26, 2006, Younker changed his plea to not guilty by reason of insanity and requested an evaluation of his competency to stand trial. The court did not find Younker competent to stand trial until February 6, 2007. From the record, it appears that the trial court initially held a competency hearing in November or December of 2006 and found Younker competent. We did not receive a transcript of this hearing, and the court did not journalize its findings. However, on December 8, 2006, the court granted Younker's oral motion for a second evaluation. The court held the second competency hearing on February 6, 2007.
 {¶ 6} On June 4, 2007, before the court issued its decision on the suppression motion, Younker's fourth attorney filed a motion to withdraw based on Younker's repeated requests for a new attorney. Younker filed a pro se motion requesting new counsel on *Page 3 
June 15, 2007, the day the trial court denied his motion to suppress. On June 18, 2007, the court granted these motions and appointed Younker's fifth attorney.
 {¶ 7} On June 18, 2007, the trial court also filed an entry granting another continuance of the jury trial. According to the entry, the court continued the jury trial from June 18, 2007 to October 4, 2007, at the defendant's request. Both Younker and his fifth attorney signed that entry. Between June 18, 2007 and October 4, 2007, Younker filed other requests, such as another request for discovery.
 {¶ 8} At a hearing on October 3, 2007, the trial court heard argument on a pro se motion to dismiss on speedy trial grounds that Younker filed on May 14, 2007. The court denied the motion. Younker then entered a no contest plea to an amended charge of sexual battery in violation of R.C. 2907.03(A)(1), a felony of the second degree. The trial court found him guilty of the charge on October 3, 2007, and sentenced him to seven years in prison.
 {¶ 9} Younker timely appeals his conviction and assigns one error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS MOTION TO DISMISS IN WHICH HE ALLEGED THAT THE STATE HAD FAILED TO BRING HIM TO TRIAL WITHIN THE TIME LIMITS SET FORTH IN R.C. 2945.71-.73.
 {¶ 10} Under Ohio's speedy trial statutes, if the state fails to bring a defendant to trial within the time required by R.C. 2945.71 and2945.72, the trial court must discharge the defendant upon motion made at or prior to the start of trial. R.C. 2945.73(B). The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy trial statutes. State v.Singer (1977), 50 Ohio St.2d 103, 105. Thus, we must strictly construe the speedy trial statutes against the state. Brecksville v. Cook (1996),75 Ohio St.3d 53, 57. *Page 4 
 {¶ 11} Speedy trial issues present mixed questions of law and fact.State v. Hiatt (1997), 120 Ohio App.3d 247, 261. Therefore, we "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id., citing State v. Howard (Mar. 4, 1994), Scioto App. No. 93 CA 2136,1994 WL 67688. Here, the trial court did not issue, nor did Younker request, findings of fact and conclusions of law regarding its denial of Younker's motion to dismiss. See Crim. R. 12(F) ("Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."). However, we find that the record provides us with an adequate basis to review Younker's assignment of error. See State v. Brown (1992), 64 Ohio St.3d 476, paragraph one of the syllabus; State v. Brummett, Highland App. No. 03CA5, 2004-Ohio-431, ¶ 13.
 {¶ 12} When the defendant moves for discharge on speedy trial grounds and demonstrates that the state did not bring him to trial within the time limits set forth in the speedy trial statutes, the defendant has made a prima facie case for discharge under R.C. 2945.73(B). State v.Monroe, Scioto App. No. 05CA3042, 2007-Ohio-1492, ¶ 27. The state then bears the burden of proving that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time it had to bring the defendant to trial. Id.
 {¶ 13} A person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). Each day the defendant spends in jail solely on the pending charge counts as three days. Id. at (E). Further, we recognize that Younker entered a no contest plea and did not take his case to trial. Therefore, to comply with the speedy trial statutes, the trial court needed to determine *Page 5 
Younker's guilt within the speedy trial time limit. State v. Mintz
(1991), 74 Ohio App.3d 62, 69. Here, the parties agree that the triple-count provision applies to Younker and that the trial court had 90 days after Younker's arrest to find him guilty.
 {¶ 14} Younker timely moved for discharge under R.C. 2945.73(B). To determine his speedy trial time limit, we must determine his arrest date. Initially, we note a discrepancy in the parties' briefs regarding this date. Younker's brief states that police arrested Younker on March 15, 2006; the State's brief uses March 13, 2006 as the arrest date. The arresting officer recorded an arrest date of March 15, 2006 when the officer returned the executed warrant for Younker's arrest. In an affidavit Younker submitted to the trial court to support his motion to dismiss, Younker states that police arrested him on March 13, 2006. As Younker now concedes in his brief that the arrest occurred on March 15, 2006, we use that date as the starting point for our speedy trial calculation. We note, however, that a March 13, 2006 arrest date would not change the result in this case.
 {¶ 15} As Younker concedes, the date of arrest does not count against the State in computing the 90 days. State v. Madden, Franklin App. No. 04AP-1228, 2005-Ohio-4281, ¶ 28; See Crim. R. 45(A). Consequently, the speedy trial time began to run on March 16, 2006, the day after Younker's arrest. In the absence of any tolling event, the trial court needed to find Younker guilty by June 13, 2006. As the trial court did not find Younker guilty until October 3, 2007, Younker made a prima facie case for discharge under R.C. 2945.73(B). Therefore, the burden shifted to the State to demonstrate that events chargeable to Younker under R.C. 2945.72 sufficiently extended the requisite speedy trial time.
 {¶ 16} The State argues that Younker took numerous actions that sufficiently tolled *Page 6 
the speedy trial time. Based on Younker's speedy trial calculation, he concedes that the time tolled from May 22, 2006 to June 5, 2006, due to his request for discovery and demand for a bill of particulars. We note that both parties incorrectly exclude May 22, 2006, the date Younker filed these requests, from their count of speedy trial days. We do not include the date the defendant files a motion or request in our count of days tolled unless the filing date was also the date the court resolved the motion or the prosecution responded to the request. See State v.Staffin, Ross App. No. 07CA2967, 2008-Ohio-338, fn. 1. Therefore, when the first tolling event occurred on May 22, 2006, Younker had spent 68 speedy trial days in jail, and 22 speedy trial days remained.
 {¶ 17} The State argues that the speedy trial clock did not resume on June 6, 2006, because another tolling event occurred on May 23, 2006, and lasted until June 7, 2006. The State attributes this tolling period to its request for discovery from Younker. Typically, the state's request for discovery does not toll the speedy trial time. See State v.Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, ¶ 24. A defendant's failure to respond to the request within a reasonable time, however, "constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." Id. Here, Younker responded to the State's discovery request in 15 days. The State offered no evidence that this constituted an unreasonable amount of time chargeable to Younker. Therefore, we conclude that the speedy trial clock did not toll during this period, and the speedy trial count resumed on June 6, 2006.
 {¶ 18} Next, the State contends that a tolling event occurred on June 7, 2006, when Younker filed a motion for leave to file a motion to suppress. By that time, two additional speedy trial days had passed, and 20 days remained. Due to various other *Page 7 
motions Younker filed, the State argues that after June 7, 2006, the time continued to toll until the trial court found Younker guilty on October 3, 2007.
 {¶ 19} Based on Younker's speedy trial calculation, he concedes that the time tolled from June 7, 2006 to June 15, 2007, when the trial court denied his motion to suppress. At the trial level, he questioned the reasonableness of the court's delay in deciding this motion. However, he now acknowledges that he filed various other motions during this time period. In State v. Staffin, neither party questioned the reasonableness of the trial court's 364-day delay in deciding a motion to suppress.Staffin, supra, at ¶ 16. While a motion to suppress ordinarily tolls the speedy trial time, "an unreasonable or excessive delay in determining such a motion may violate a defendant's speedy trial rights." Id., quoting State v. Hurst (Mar. 12, 1999), Gallia App. No. 98CA08,1999 WL 152262, at *3. This court found that the 364-day delay was presumptively invalid, and the record provided no explanation for it. Id. at ¶ 19.
 {¶ 20} Here, as Younker acknowledges, the record demonstrates that he filed other motions while his motion to suppress was pending. For example, Younker requested a competency evaluation on September 26, 2006. When the first evaluation came back in favor of a finding of competency, Younker requested a second opinion. These requests delayed the suppression hearing. Younker also requested continuances and changed counsel three times during this period. Therefore, unlike the record inStaffin, the record in this case provides ample information to explain how Younker's actions delayed the trial court's ruling on his suppression motion. Again, Younker concedes that the time tolled from June 7, 2006 to June 15, 2007. Therefore, absent another tolling event, the speedy trial time began to run again on June 16, 2007. *Page 8 
 {¶ 21} The State contends that another tolling event began on June 4, 2007, when Younker's fourth attorney filed a motion to withdraw. On June 15, 2007, Younker filed a pro se motion asking for new counsel. The court granted both motions on June 18, 2007, and appointed Younker's fifth attorney the same day. Typically, when defense counsel files a motion to withdraw, the speedy trial time tolls until the court decides the motion. See State v. Ward, Richland App. No. 03 CA 60,2004-Ohio-2323, ¶ 19. Therefore, the speedy trial time continued to toll even after the court ruled on Younker's motion to suppress, until June 18, 2007.
 {¶ 22} The State argues that another tolling event began on June 18, 2007. After the trial court appointed Younker's fifth attorney that day, the court granted a continuance of the jury trial until October 4, 2007. The State asserts that this time should be charged to Younker. Under R.C. 2945.72(H), the speedy trial time may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 23} Initially, we note that Younker's speedy trial calculation becomes confused after June 18, 2007. From June 18, 2007 to June 27, 2007, Younker charges no time to the State, presumably due to the continuance. Even though the court continued the trial until October 4, 2007, Younker charges the State with 36 speedy trial days between June 27, 2007 and October 4, 2007. He also appears to concede that the time tolled for 29 days due to another discovery request and a motion for a transcript. Given the confusion in his speedy trial calculation, we will presume that Younker does not concede that the June 18, 2007 continuance tolled the speedy trial time. Therefore, we look to the record.
 {¶ 24} The trial court's June 18, 2007 entry indicates that the court granted the *Page 9 
continuance at Younker's request. Further, Younker's fifth attorney and Younker himself approved this entry with their signatures. The entry does not indicate the reasons for the continuance. We note, however, that "the only time a trial court must state on record the reasons for a continuance is when the trial court or some party other than the accused requests a continuance." State v. Sanders (Dec. 10, 1996), Pickaway App. No. 95 CA 6, 1996 WL 734666, at *10. Because the June 18, 2007 entry clearly attributes the continuance to Younker's request, the speedy trial time continued to toll up to and including October 3, 2007, when the trial court found Younker guilty. At that time, 20 speedy trial days still remained. Therefore, the trial court found Younker guilty within the requisite speedy trial time.
 {¶ 25} Younker asserts that the State failed to meet its burden at the hearing on his motion to dismiss by "merely asserting it still had seven (7) days in which to bring Mr. Younker to trial." However, Younker mischaracterizes the events at the hearing. We recognize that the State could have submitted a more detailed speedy trial calculation to the trial court. However, the State did direct the court's attention to tolling events in the record. Specifically, the State noted that Younker requested continuances and new attorneys, made multiple discovery requests, requested a competency evaluation, and filed a motion to suppress.
 {¶ 26} After the State remarked on these events, the trial judge indicated that he had calculated the time and did not believe it had run. In his "Statement of the Case," Younker points out that the trial judge made this statement "[w]ithout referring to the record." However, when a defendant has not requested that the trial court make findings of fact in support of its order overruling a motion to dismiss on speedy trial grounds, and *Page 10 
the trial court does not make findings of fact, "an appellate court errs in reversing a conviction on the ground that the defendant was denied a speedy trial if there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record." Brown at paragraph one of the syllabus. Here, Younker failed to request specific findings of fact. As discussed above, sufficient evidence demonstrates that the trial court found Younker guilty within the requisite speedy trial time and properly denied his motion to dismiss.
 {¶ 27} For the foregoing reasons, we overrule Younker's sole assignment of error, and we affirm the judgment of the Highland County Court of Common Pleas.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Kline, J. McFarland, J.: Concur in Judgment and Opinion. *Page 1