[Cite as *State v. Smith*, 2011-Ohio-602.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA3148 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Verlin L. Smith, | : | |
| | | **RELEASED 02/01/11** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Eric W. Brehm, Brehm & Associates, Columbus, Ohio, for appellant, Verlin Smith.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee, State of Ohio.
_____
Harsha, P.J.

{¶1} Verlin Smith pleaded no contest to one count of conveying contraband into a detention facility. On appeal, Smith contends he did not knowingly, intelligently, and voluntarily enter his plea. Smith explains that he pleaded no contest because he believed he would be able to argue a speedy trial issue on appeal. But he points out the trial court never ruled on his motion to dismiss on speedy trial grounds and contends he cannot obtain review of that issue. Because the trial court impliedly overruled the motion, Smith's no contest plea preserved his speedy trial issue for appellate review. Thus, his plea remains valid.

{¶2} Next, Smith argues that the trial court erred by overruling his motion to dismiss for a violation of the speedy trial statute. The court delayed Smith's trial -- scheduled shortly before the expiration of speedy trial time -- after the state requested a continuance from the original trial date because of the unavailability of a key witness.

We conclude that the reason, as well as the 45-day period of the continuance was reasonable. Thus, speedy trial time tolled during the period of this continuance. The state also requested a second continuance due to the unavailability of the same witness. The trial court granted this continuance and continued the case an additional 78 days from the first rescheduled trial date. We conclude the second continuance was also reasonable and tolled the statute. When combined with other tolling events chargeable to Smith, his speedy trial time did not lapse.

{¶3} Finally, Smith contends the trial court abused its discretion in denying his motion to file an untimely motion to suppress. Because his motion failed to establish good cause for the untimely motion, the trial court acted reasonably in denying it.

## I. Summary of the Facts

{¶4} A Ross County grand jury indicted Smith on May 15, 2009, charging him with conveying an illegal drug into a detention facility. The state arrested and arraigned Smith on May 18, 2009. He entered a plea of not guilty and was committed to the Ross County jail in lieu of a $25,000 bond, which he did not post.

{¶5} After conducting a pretrial conference in June 2009, the court scheduled the matter for a change of plea hearing on July 6, 2009, in response to Smith's indication that he would enter a plea. At the July hearing, however, Smith decided against changing his not guilty plea and asked for a jury trial. Accordingly, in an entry filed on July 6, 2009, the court set the matter for trial on August 10, 2009. By a subsequent entry that was not filed until August 25, 2009, the court documented the reasons for not proceeding with the change of plea on July 6, 2009, reiterated the

August 10, 2009 trial date, and tolled the speedy trial time "pursuant to Ohio Revised Code Section 2945.72(H)."[1]

{¶6}   On August 7, 2009, three days prior to the initial trial date, the state filed a motion to continue the trial, explaining that an essential witness would be out of state for a pre-planned vacation.  The motion noted that the witness performed the substance analysis of the allegedly illegally conveyed drug.  In an entry issued on the August 10, 2009 trial date, the court granted the motion and ordered the trial continued until September 23, 2009.  The entry also stated the state's reason for its request and remarked that "[t]he speedy trial provisions of R.C. 2945.71 are tolled pursuant to Ohio Revised Code Section 2945.72(H)."

{¶7}   On September 11, 2009, the state filed a motion to continue the Spetember 23, 2009 trial date, this time explaining that the same witness was unavailable because she had previously been subpoenaed by another Ohio court.  Two weeks later on September 25, 2009, the court granted the motion, tolled the time under R.C. 2945.72(H), and rescheduled Smith's trial date for December 9, 2009.

{¶8}   After Smith hired new counsel in October, he filed a motion on November 10, 2009, to dismiss on speedy trial grounds and a motion to suppress evidence.  The state filed memoranda contra to both motions.  Smith later filed a motion for leave to file the suppression motion after the state argued in its memorandum contra that Smith filed the suppression motion in an untimely manner.  The court did not rule on either motion prior to concluding the case.  But instead of proceeding with the trial on December 9,

---

[1] Subsection "H" deals with reasons other than those relating to the defendant's actions.

2009, the court rescheduled the matter for a change of plea hearing on December 21, 2009.

{¶9}    At that hearing, which actually occurred on December 22, 2009, Smith's counsel announced that Smith intended to change his plea to no contest pursuant to negotiations with the state.  The court remarked that the no contest plea would preserve the suppression and speedy trial issues for appellate review.  Afterwards, the court engaged Smith in a lengthy Crim.R. 11 plea colloquy.   Upon its conclusion, the court accepted Smith's plea of no contest and sentenced him to a one-year prison sentence.

{¶10}  Then, Smith filed this appeal.

## II. Assignments of Error

{¶11}  Smith assigns three errors:

1.  THE TRIAL COURT DID ERR BY ACCEPTING A NO CONTEST PLEA, WHICH WAS PREDICATED UPON DEFENDANT'S ABILITY TO APPEAL HIS MOTION TO DISMISS, WHEN THE TRIAL COURT FAILED TO ISSUE A RULING ON THE AFORESAID MOTION TO DISMISS.

2.  THE TRIAL COURT DID ERR BY VIOLATING DEFENDANT'S STATUTORY RIGHT AND CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.

3.  THE TRIAL COURT DID ERR BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A SUPPRESION MOTION.

## III. Voluntariness of the Plea

{¶12}  In his first assignment of error, Smith argues that he did not knowingly, intelligently, and voluntarily plead no contest because he was misled into believing he would be able to appeal the overruling of his motion to dismiss.  Because the trial court never ruled on the motion, Smith contends he cannot obtain appellate review of that issue now.

**{¶13}** The state argues that court properly accepted Smith's no contest plea and urges us to consider the trial court's failure to rule on the motion to dismiss as an implied overruling or an inadvertent failure to announce a decision. The state concedes that Smith preserved the motion to dismiss under Crim.R. 12(I).

**{¶14}** When there is no indication in the record that a trial court ruled on a speedy trial motion before proceeding to trial, we presume the court overruled it. *State v. Whitt*, Scioto App. No. 04CA2962, 2005-Ohio-5154, at ¶7, citing *Brannan v. Fowler* (1995), 100 Ohio App.3d 577, 581, 654 N.E.2d 434; *State v. Hines* (2001), 145 Ohio App.3d 792, 794, fn. 2, 764 N.E.2d 1040. Here, there is evidence in the transcript of the December 22, 2009 plea hearing that the court intended but inadvertently failed to journalize its ruling on the motion to dismiss.

**{¶15}** Smith's attorney began the plea hearing by stating that she "expected" the motion to dismiss to be overruled based on the apparent strength of the state's memorandum contra. The court did not directly respond to this, but asked Smith if he wished a new attorney to argue the speedy trial issue. Later, after Smith indicated he wished to change his plea from not guilty to no contest the court remarked "[a]nd there'll be a couple of issues for appeal and that's the speedy trial issues and the ruling on the motion to suppress and the no contest plea will preserve both of those for appeal." Thus, the record suggests that the court intended to overrule the speedy trial motion but inadvertently failed to journalize an entry to that effect. We presume that the trial court overruled the motion and deem it properly before us now. See Crim.R. 12(C) and (I).

**{¶16}** The only basis upon which Smith challenges the voluntariness of his no contest plea is his purported inability to argue the speedy trial motion on appeal.

Because we have determined that the issue is properly before us, there is no merit to this argument. Smith's first assignment of error is meritless.

## IV. Speedy Trial

**{¶17}** In his second assignment of error, Smith argues that the trial court erred by denying his motion to dismiss on speedy trial grounds. Smith argues that the state arrested him on May 18, 2009, and speedy trial time began on May 19, 2009. Because he remained in jail more than 90 days before he filed his motion to dismiss, Smith argues that the speedy trial statute entitled him to discharge. He does not address any potential tolling events. Although the state concedes that Smith has established a prima facie case for discharge under the speedy trial statute, it argues that several events tolled the running of the time.

### A. Standard of Review

**{¶18}** Speedy trial issues involve mixed questions of law and fact. *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. We review the legal issues de novo, but we defer to the trial court's findings of fact if supported by competent, credible evidence. Id. When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.

### B. Statutory Framework

**{¶19}** R.C. 2945.71 through R.C. 2945.73 sets forth Ohio's statutory provisions concerning speedy trial rights.[2] R.C. 2945.71(C)(2) provides that the state must bring a person "against whom a charge of felony is pending" to trial within 270 days after the

---

[2] Although Smith fleetingly mentions constitutional speedy trial rights in his brief, he confines his argument to the speedy trial statute. We do likewise.

person's arrest.  The day of the arrest does not count towards the 270-day time limit.

R.C. 1.14; Crim.R. 45; S*tate v. Staffin*, Ross App. No. 07CA2967, 2008-Ohio-338, at ¶9.

**{¶20}**  Each day the state holds an accused in jail solely on the pending charge

counts for three days towards the 270-day limit. R.C. 2945.71(E); *State v. Sanchez*, 110

Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶7.  In other words, if the

defendant remains incarcerated solely on the pending felony, the state has 90 days to

bring the defendant to trial unless some activity "tolls" the running of the speedy trial

time limit.

**{¶21}**  Tolling of the speedy trial clock occurs for the activities listed in R.C.

2945.72.  Among those circumstances are delay caused by the "neglect or improper act

of the accused[,]" delay necessitated by "motion" instituted by the accused, and any

"period of any reasonable continuance granted other than upon the accused's own

motion[.]" R.C. 2945.72(D),(E),(H), respectively.  When the court grants a continuance it

must journalize the entry before the expiration of the time limit specified in R.C.

2945.71.  *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903, citing

*State v. Mincy* (1982), 2 Ohio St.3d 6, 441 N.E.2d 571.

**{¶22}**  Under R.C. 2945.73(B), a person not brought to trial within speedy trial

time "shall be discharged" and no further criminal proceedings based on the same

conduct may occur.  If the case does not go to trial because the defendant enters a

plea, the trial court must still determine the defendant's guilt within the speedy trial time

limit.  *State v. Younker*, Highland App. No. 07CA18, 2008-Ohio-6889, at ¶13. citing

*State v. Mintz* (1991), 74 Ohio App.3d 62, 69, 598 N.E.2d 52.

**{¶23}**  A criminal defendant presents a prima facie case for discharge by contending that he was held in jail solely on the pending charge and demonstrating he was not brought to trial within the statutory time limits.  *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368.  The burden then shifts to the state to show an extension of the time limit under R .C. 2945.72.  *Butcher* at 31.

### C.  Running of the Speedy Trial Clock

**{¶24}**  The Ross County Sheriff's office arrested Smith on May 18, 2009.  After arraignment, the state held Smith in jail in lieu of a $25,000 bond.  Nothing in the record indicates that the state released Smith from jail during the pendency of the case.  Nor does the record indicate that the state held Smith in jail on any other charge.  Thus, Smith's speedy trial count begins on May 19, 2009, the day following his arrest, and ends on December 22, 2009, the date he pleaded no contest and the court found him guilty.  During this period, 218 calendar days elapsed.  Applying the three for one provision of the statute, this amounts to well over the 90-day limit.  Absent recognized tolling events, the state should have brought Smith to trial (or otherwise concluded the case) by August 17, 2009, i.e., 90 calendar days after the date of his arrest. Consequently, Smith has presented a prima facie case for discharge and the state has the burden of proving an extension of the time limit by some statutorily recognized tolling event.

### 1.  Initial Change of Plea Hearing

**{¶25}**  The change of plea hearing originally set for July 6, 2009, did not occur because Smith changed his mind on the day of the hearing and decided to proceed to trial.  At that point, 49 speedy trial days had run.  Under R.C. 2945.72(D) or (E), which

apply to delay caused by neglect or improper act of the accused and "a plea in bar or abatement, motion proceeding, or action made or instituted by the accused," the time from July 6 through the new trial date on August 10, 2009 is charged to Smith. Although Smith was free to change his mind and proceed to trial, the delay caused by his change of heart tolled the running of the time. So, up through August 10, 2009, 49 speedy trial days had lapsed, i.e., 41 days remained.

### 2.  The August 10, 2009 Trial Date

**{¶26}**  On August 7th, just three days prior to trial, the state filed a motion to continue the trial date, stating that its principal witness -- who performed the substance analysis of the illegally conveyed marijuana -- would be unavailable because of a planned vacation. The court granted the motion and rescheduled the trial for September 23, 2009.

**{¶27}**  R.C. 2945.72(H) provides that speedy trial time tolls for the period of any "reasonable continuance granted other than upon the accused's own motion." The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. *State v. Lee* (1976), 48 Ohio St.2d 208, 209-210, 357 N.E.2d 1095.

**{¶28}**  For purposes of the speedy trial statute, the Supreme Court of Ohio has held that the unavailability of a material witness because of a planned vacation is a reasonable ground for granting a continuance. *State v. Saffell* (1988), 35 Ohio St.3d 90, 91-92, 518 N.E.2d 934 (per curiam). Thus, the justification for the state's continuance was reasonable.

**{¶29}** A 45-day continuance is significant, especially for the individual awaiting trial in jail. However, given the time constraints and complexity of a trial court's docket, 45 days is a reasonable length of time to continue a jury trial. See *State v. Hughes*, Athens App. No. 08CA19, 2010-Ohio-2969, at ¶9 (commenting "[w]e are cognizant of the burdensome caseloads in Ohio trial courts and do not believe that a two month continuance is necessarily unreasonable.")

**{¶30}** Consequently, the speedy trial time tolled under R.C. 2945.72(H) for the period of the first continuance, from August 10, 2009 through September 23, 2009. Thus, on the September 23 trial date, the total number of lapsed days remained at 49. With 41 days remaining, the state now had until November 3, 2009 to conclude the case.

B.  September 23, 2009 Trial Date

**{¶31}** On September 11, 2009, the state filed its second motion for a continuance, stating that the same essential witness had previously been subpoenaed to appear in a different Ohio common pleas court on that date and would be unavailable again. Two weeks later the court granted the continuance, issuing an entry reciting the reasons for the unavailability of the witness and rescheduling the trial for December 9, 2009.

**{¶32}** The justification for the continuance in this case – unavailability due to the witness receiving a prior subpoena from another court is reasonable. The record indicates that the state requested the issuance of subpoenas for its witnesses on August 25, 2009, almost a month before the trial and only two weeks after the court journalized the new trial date. We discern no lack of diligence on the state's part in

attempting to ensure the appearance of its witness. In contrast, see *State v. Reeser* (1980) 63 Ohio St.2d 189, 407 N.E.2d 25, where the court questioned the timeliness of the State's efforts.

{¶33} Although the length of the continuance is more troublesome than the basis for granting it, we cannot conclude it was unreasonable. In its entry, the court did not set forth a reason for rescheduling Smith's trial nearly two and a half months in advance. It would have been helpful for the court to have explained why it could not reschedule the trial within a shorter period of time, or why it did not sua sponte consider either releasing Smith on his own recognizance or lowering his bond after his trial was delayed a second time. Nonetheless, we conclude a 78-day continuance was reasonable in length. See *Hughes*, supra. Accordingly, we hold that speedy trial time was tolled again from September 23, 2009 until December 9, 2009. Therefore, the total of lapsed time remained at 49 days as of December 9, 2009.

{¶34} Smith entered his no contest plea on December 22, 2009, well within the remaining 41 days of speedy trial time as of December 9, 2009, even without considering any tolling that might be attributable to various motions Smith filed prior to and after December 9. Because the state has met its burden of showing an extension of the statutory speedy trial time limits, the court did not err by overruling Smith's motion to dismiss. Consequently, this assignment of error is meritless.

V. Motion for Leave to File Suppression Motion

{¶35} In his final assignment of error, Smith argues that the trial court abused its discretion by denying his motion for leave to file an untimely suppression motion. Smith

contends that "the interest of justice" required the court to extend the time to file the motion and that its failure to do so amounted to "a clear abuse of discretion."

{¶36} The state argues that Smith failed to present the trial court with a valid reason for extending the time for filing a motion to suppress, i.e., Smith merely argued that the court should grant him leave because he retained new counsel. The state additionally argues that Smith had months to review the evidence against him with prior counsel yet did not file a suppression motion until a month before the trial date.

{¶37} The decision to grant or deny leave to file an untimely suppression motion is in the trial court's discretion, and we will not reverse absent a showing of an abuse of that discretion. *State v. Estep* (Mar. 19, 1999), Montgomery App. No. 17455, 1999 WL 148109, at *2, citing *Akron v. Milewski* (1985), 21 Ohio App.3d 140, 142, 487 N.E.2d 582. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶38} A defendant must raise a motion to suppress evidence before trial. Crim.R. 12(C). More specifically, a motion to suppress evidence must be raised "within thirty-five days after arraignment or seven days before trial, whichever is earlier[,]" but in the "interest of justice[,]" a court may extend the time limit. Crim.R.12(D). A defendant's failure to raise a pretrial motion constitutes a waiver. Crim.R. 12(H). However, for "good cause shown[,]" a court may grant relief from the waiver. Id. Accordingly, a defendant who needs additional time to file a motion to suppress evidence may obtain an extension prior to the expiration of time if the court finds that doing so is in the "interest of justice." Crim.R.12(D). But once the time for filing a pretrial motion has

passed and waiver has occurred, a court may only grant relief from waiver for "good cause shown."  Crim.R.12(H).

**{¶39}**  Here, it is undisputed that Smith did not file his motion to suppress within the time limits prescribed by Crim.R.12(D), nor did he request an extension of time to do so within that period.  Thus, contrary to Smith and the state's arguments, our focus is whether Smith demonstrated "good cause" to the trial court to allow him relief from his waiver.

**{¶40}**  Smith filed the motion on November 23, 2009, roughly two weeks prior to his trial date, and over six months from the date of his arraignment, well over the thirty-five day time limit.  See, e.g., *State v. Bower*, Licking App. No. 2009CA00139, 2010-Ohio-4420 (affirming the denial of leave for defendant who waited to file motion to suppress 62 days after arraignment.)  The memorandum attached to the motion for leave is one page in length and merely recites that Smith retained new counsel, who reviewed the evidence, and believes the Defendant "should have the opportunity to be heard on the Motion to Suppress."  The motion sets forth no facts supporting the merit of Smith's suppression issue.  More importantly, the memorandum in no ways explains why the Defendant could not or did not raise a suppression issue before waiver occurred, other than alluding to the fact that "it is not unusual for different attorneys to view the information provided in discovery in a different light."

**{¶41}**  Smith did not contend that he was unaware of any of the alleged facts supporting the suppression motion, that the state provided untimely discovery or withheld any information, or that he was unable to discuss the facts that might establish a Fourth Amendment violation with prior counsel. See, e.g., *State v. Rush*, Delaware

App. No. 03CAC01002, 2003-Ohio-3915 (affirming denial of leave where discovery provided in timely fashion, counsel in no way impeded from obtaining and reviewing discovery in a timely fashion). The only justification he offered was that prior counsel viewed the evidence "differently." Based on this record, we cannot say that the court acted unreasonably in finding good cause did not exist given the fact that trial was only two weeks away.

{¶42} Consequently, this assignment of error is meritless.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
     William H. Harsha, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**