[Cite as *State v. O'Malia*, 2012-Ohio-2051.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 JE 22 |
| | ) | |
| JOHN J. O'MALIA, III, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from County Area District Court #1 of Jefferson County, Ohio Case No. 11TRD552 |
| JUDGMENT: | Reversed and Vacated |
| APPEARANCES: | |
| For Plaintiff-Appellee | Atty. Michael J. Calabria Assistant Prosecutor Jefferson County Court No. 1 1007 Franklin Avenue Toronto, Ohio 43964 |
| For Defendant-Appellant | Atty. Shelli Ellen Freeze 1714 Boardman-Canfield Rd., Suite 11 Poland, Ohio 44514 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 1, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, John O'Malia, appeals from a Jefferson County Area District Court #1 judgment convicting him of speeding.

{¶2} On March 27, 2011, Patrolman Patrick Dunlap issued appellant a speeding citation for travelling 52 miles per hour in a 35-miles-per-hour zone, in violation of R.C. 4511.21.

{¶3} The court set appellant's pretrial for April 19, 2011. Appellant hand-delivered a letter to the prosecutor on April 19, 2011, requesting discovery. Both appellant and the state agree that the prosecutor complied with the discovery request on May 17, 2011.

{¶4} The trial court set appellant's trial for May 31, 2011. Appellant appeared pro se. At the beginning of trial, appellant moved to dismiss the case due to a speedy trial violation. The trial court overruled the motion citing appellant's discovery motion and finding that the prosecutor responded to it in a reasonable amount of time.

{¶5} The bench trial proceeded and ultimately the court found appellant guilty of speeding and fined him $100, plus costs.

{¶6} Appellant filed a timely notice of appeal on June 28, 2011.

{¶7} Appellant raises a single assignment of error, which states:

{¶8} "THE TRIAL COURT ABUSED IT'S [sic.] DISCRETION BY FAILING TO SUSTAIN THE APPELLANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL TIME LIMITS. SUCH AN ERROR OF FAILING TO DISMISS DUE TO SPEEDY TRIAL TIME IS A DIRECT ERROR OF LAW AND A DIRECT VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHTS."

{¶9} Appellant argues that he was brought to trial 65 days after he was issued a traffic citation for speeding. He states that he never signed a waiver of speedy trial. He further contends that none of the R.C. 2945.72 reasons for tolling speedy trial time apply in this case. Appellant admits that he gave the prosecutor a discovery request, but asserts that because he never filed the request, this was not a tolling event. In the alternative, he argues that even if his unfiled discovery request

tolled his speedy trial time, the state still failed to bring him to trial within 30 days of his citation.

{¶10} Pursuant to R.C. 2945.71(A), a person against whom a minor misdemeanor charge is pending in a court of record "shall be brought to trial within thirty days after the person's arrest or the service of summons." Appellant's speeding charge was a minor misdemeanor.

{¶11} Section 2945.72 lists a number of tolling events that may extend the period of time in which the prosecution must bring a defendant to trial. R.C. 2945.72(A)-(I). If the state fails to meet the statutory time limits, then the trial court must discharge the defendant. R.C. 2945.73. The Ohio Supreme Court has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy-trial statutes. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977). As such, the speedy-trial provisions are strictly construed against the State. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996); *Singer*, at 105.

{¶12} Consequently, the role of the reviewing court is to count the days of delay chargeable to either side and determine whether the case was tried within the statutory time limits. *State v. Hart*, 7th Dist. No. 06 CO 62, 2007-Ohio-3404, ¶ 8-9, citing *State v. High*, 143 Ohio App.3d 232, 757 N.E.2d 1176 (7th Dist. 2001).

{¶13} Because appellant was charged with the minor misdemeanor of speeding, the state was required to bring him to trial within 30 days after the service of summons. The service of summons occurred on March 27, 2011.

{¶14} Appellant was arraigned and entered a not guilty plea on April 13. The next event was an April 19 pretrial.

{¶15} The state attempts to make an argument that this pretrial date was selected by appellant and somehow tolls the speedy trial time from April 13 until April 19. However, as the state readily admits, there is no support for this argument in the record. The state even concedes that the trial court may have set this pretrial sua sponte.

**{¶16}** Once the statutory speedy trial time has expired, the defendant has established a prima facie case for dismissal. *State v. Howard,* 7th Dist. No. 08-BE-6, 2009-Ohio-3251, ¶ 18, citing *State v. Price*, 122 Ohio App.3d 65, 68, 701 N.E.2d 41 (10th Dist. 1997), citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). The burden then shifts to the State to demonstrate any tolling of the speedy trial time. *Id.*

**{¶17}** Given that there is no evidence on the record to support the state's allegation as to who requested the April 19 pretrial and because the burden is on the state, the time between the April 13 arraignment and the April 19 pretrial is not tolled.

**{¶18}** At the April 19 pretrial, appellant hand-delivered a discovery request to the prosecutor. (Tr. 5). By this time, 23 days had elapsed on appellant's speedy trial clock.

**{¶19}** A discovery request tolls the running of the speedy trial clock. *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 23 (interpreting R.C. 2945.72[E]). But the delay chargeable to the defendant is only that which is necessitated by the State's response to the discovery request. *Id.* at ¶ 4.

**{¶20}** The prosecutor responded to appellant's request on May 17, 29 days after receiving it. This is a reasonable time within which to respond to discovery. Thus, appellant's speedy trial clock was tolled from April 19 until May 17.

**{¶21}** Because appellant's speedy trial clock was already at 23 days, when it began to run again on May 17, the state only had seven days within which to bring appellant to trial. It failed to do so. Appellant was not brought to trial until May 31. This was seven days after his speedy trial clock expired. Thus, appellant's speedy trial rights were violated in this case.

**{¶22}** Accordingly, appellant's sole assignment of error has merit.

{¶23} For the reasons stated above, the trial court's judgment is hereby reversed and appellant's conviction is vacated.

Vukovich, J., concurs.

Waite, P.J., concurs.