[Cite as *State v. Guinto*, 2013-Ohio-2180.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.   12-COA-031 |
| ANTHONY GUINTO | : |               12-COA-032 |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland Municipal
                             Court, Case No. 12-TRD-2975 and 12-
                             CRB-480

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 28, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RICHARD P. WOLFE II.                  DANIEL PRICE
Assistant Law Director                1210 East Main Street
W, DAVID MONTAGUE                     Ashland, OH 44805
DAVID HUNTER
Assistant Law Directors
1213 East Main Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Defendant-appellant Anthony Guinto appeals the July 9, 2012 Judgment of the Ashland County Municipal Court overruling his motion to dismiss and his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} On April 23, 2012, Ohio State Highway Patrol Trooper Daniel Morrison was on Interstate 71, near milepost 183 when he checked the speed of a vehicle at 81 miles per hour. The trooper executed a traffic stop of the offending vehicle at approximately 15:08. Antony Guinto drove the vehicle.[1]

{¶3} Upon approaching the passenger's side of the vehicle, Trooper Morrison noticed that both occupants had freshly lit cigarettes. He also observed several air fresheners in the vents and on the dashboard. Trooper Morrison further testified that the driver was "real shaky" with his driver's license. Trooper Morrison obtained consent to pat down both Sweeting and Guinto. He then placed them in his cruiser. At that time, Trooper Morrison requested a drug detection canine unit be dispatched to the location of the traffic stop. Approximately 20 minutes later Trooper Norman arrived on the scene with his drug detection dog.

{¶4} Trooper Norman walked his drug dog around the vehicle. The canine gave a positive indication to the car at 15:38. A search of the vehicle resulted in two glass pipes, one blue and clear, and the other one blue. Both pipes had suspected marijuana residue in them. The pipes were in the center console of the car. Sweeting admitted ownership of the blue pipe.

---

[1] The passenger, William Sweeting, has filed a separate appeal in Fifth Dist. Case Nos. 12-COA-030.

**{¶5}** Guinto was charged with Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1)[2], a misdemeanor of the fourth degree and speeding in violation of R.C. 4511.21(D)(2)[3], a minor misdemeanor. He was summonsed to appear in court on May 4, 2012.

**{¶6}** On May 1, 2012, the trial court filed an entry titled "Motion for Continuance." The entry states,

On April 30, 2012, at 2:17 p.m. Defendant's attorney called and requested a Motion for Continuance in the case for the following reason:

Defendant lives in New York and his attorney is going to try to get him an attorney in Ohio.

**{¶7}** The Deputy Clerk of Court signed the entry. The entry further contained the following beneath the area where the deputy clerk had signed,

### JUDGMENT ORDER

Defendant's Motion is hereby GRANTED, The above-styled case is rescheduled for 05-11-12 at 09:00 AM. Speedy trial is extended accordingly.

**{¶8}** The trial judge signed the entry. Guinto was advised of the new court date.

**{¶9}** On May 4, 2012, Guinto's attorney filed a Notice of Appearance, a Request for Discovery and a request for Arraignment in Abstentia. The trial court granted the request for arraignment in abstentia by Judgment Entry filed May 7, 2012.

---

[2] 12-COA-31
[3] 12-COA-32

{¶10} At the arraignment on May 11, 2012, Guinto acknowledged that he had receive partial discovery from the state on May 10, 2012, Further, a pre-trial conference was scheduled in his case for May 29, 2012.

{¶11} At the May 29, 2012 pre-trial, Guinto informed the court that he had not received the laboratory reports or the videotape of the traffic stop as requested in discovery. The trial court informed the state to comply and scheduled another pre-trial conference for June 15, 2012. At that conference, which included his co-defendant Sweeting's case, a June 29, 2012 trial date was set. During that hearing, Guinto's attorney[4] informed the court that he planned to file a motion to suppress and would request a hearing on such a motion.

{¶12} On June 26, 2012, Guinto filed a Motion to Dismiss contending that he was not brought to trial within 45 days as required by R.C. 2945.71(B)(1). Also on that date, Guinto filed a motion to suppress evidence.

{¶13} The trial court conducted an evidentiary hearing on the motion to suppress on June 29, 2012. At that hearing, Guinto waived his speedy trial rights to allow the court to issue a written decision. The trial court by written decisions filed July 9, 2012 overruled Guinto's motion to dismiss and motion to suppress.

{¶14} At the trial date of July 11, 2012, Guinto changed his pleas to no contest and was found guilty by the court of one count of possession of drug paraphernalia and speeding. The trial court sentenced Guinto on the possession of drug paraphernalia count to 25 days in jail, a fine of $250.00 plus court costs, and suspended his operator's license for six months. On the charge of speeding, the trial court imposed a fine of $70.00, plus court costs.

---

[4] The same attorney represented Guinto and Sweeting.

*Assignments of Error*

{¶15}  In his two appeals, Guinto raises a combined three assignments of error,

{¶16}  "I. TRIAL COURT ERRED IN ITS DETERMINATION WHEN THE DEFENDANT MOVED FOR DISCHARGE ON THE BASIS THAT HE HAD NOT BEEN BROUGHT TO TRIAL WITHIN THE TIME LIMITS SET FORTH IN R.C. 2945.71, THE BURDEN OF PRODUCTION OF EVIDENCE SHIFTED TO THE STATE AND THE STATE FAILED TO PRODUCE ANY EVIDENCE IN REBUTTAL, SO DISCHARGE WAS REQUIRED.

{¶17}  "II. TRIAL COURT ERRED IN FINDING DEFENDANT/APPELLANT GUILTY BECAUSE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS FOR VIOLATIONS OF RIGHT TO SPEEDY TRIAL UNDER R.C. 2945.71 AND IMPROPERLY TOLLED TIME AGAINST DEFENDANT/APPELLANT.

{¶18}  "III. DID TRIAL COURT ERR IN FINDING DEFENDANTS/APPELLANTS GUILTY BECAUSE TRIAL COURT ERRED BY DENYING APPELLANTS MOTION TO SUPPRESS EVIDENCE BECAUSE IT DID NOT RECOGNIZE AND RULE PROPERLY ON THE ILLEGAL DETENTION AND ARREST OF APPELLANTS AND THE TRIAL COURT DID NOT RECOGNIZE, APPLY AND RULE PROPERLY ON THE CONSTITUTIONAL LAWS, STATUTES, CASE LAW AND SPECIFIC FACTS OF THIS CASE CONCERNING THE LIMITED SCOPE AND DURATION OF THE STOP?"

I, II

{¶19} Guinto's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together. Both assignments contend that Guinto was denied his right to a speedy trial.

**{¶20}** R.C. 2945.71(D) provides,

(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

**{¶21}** A person charged with a fourth degree misdemeanor shall be brought to trial within forty-five days after the person's arrest or the service of summons." R.C. 2945.71(B)(1). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

**{¶22}** R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by

reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

**{¶23}** A speedy-trial claim involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id. When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state.

**{¶24}** In the case at bar, the citation served upon Guinto on April 23, 2012 ordered him to appear in the Ashland Municipal Court on May 4, 2012. At the behest of Guinto's attorney, that arraignment was continued to May 11, 2012.

**{¶25}** On May 4, 2012, Guinto filed a request for discovery. The time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock. *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus. Guinto agreed that the state partially responded to his discovery request on May 10 and May 29, 2012. (See, Motion to Dismiss Due process Violation filed June 26, 2012). In *State v. McDaniel,* the court noted,

[I]f the defendant's motion to compel discovery is necessitated by prosecutorial misconduct in refusing to comply with a discovery request, then any delay caused by the motion is not chargeable to the defense and does not toll the statutory speedy trial time. *State v. Timson* (May 25, 1989), Franklin App. No. 87AP-1212, unreported; *State v. Collins* (Sept.

30, 1988), Butler App. No. 88-02-021, unreported; *State v. Cox* (April 1,

1987), Holmes App. No. CA-367, unreported.

2nd Dist. No. 93-CA-38, 1994 WL 371229, at note 5 (July 13, 1994). *Accord*, *State v.*

*Knight*, 2nd Dist. No. 03-CA-014, 2005 WL 1490364(June 24, 2005), ¶19. In the case at

bar, the state initially complied with Guinto's discovery request before the May 11, 2012

arraignment. However, at the May 29, 2012 pre-trial conference the state had still not

completed its responses to discovery. Because time had not been waived, it was

imperative for the state to expedite its responses. In the case at bar, it would work an

injustice to Guinto to charge time subsequent to the May 29, 2012 pre-trial conference

against him when the state failed to insure that he timely received the discovery. Thus,

under the facts of this case, the speedy trial clock begins to run again on May 29, 2012.

{¶26} On June 26, 2012, Guinto filed motions to dismiss and to suppress.

Accordingly, for speedy trial purpose the time is as follows,

| | |
|---|---|
| April 24, 2012 to May 4, 2012(date of original arraignment)[5] | 11 days |
| May 4, 2012 to May 11, 2012(continued at Guinto's request) | tolled |
| May 11, 2012 to May 29, 2012(state's partial responses to discovery) | tolled |
| May 29, 2012 to June 26, 2012(Guinto's filing of motions) | 29 days |
| *Total days counted toward speedy trial* | *40 days* |

{¶27}  In *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N.E.2d 892(1984) the Ohio

Supreme Court noted with respect to R.C.2945.72(E), "[i]t is evident from a reading of

the statute that a motion to dismiss acts to toll the time in which a defendant must be

---

[5] The day of arrest is not included when computing the time within which a defendant must be brought to trial under R.C. 2945.71. *State v. Steiner*, 71 Ohio App.3d 249, 593 N.E.2d 368(9th Dist. 1991) (citing R.C. 1.14 and Crim.R. 45).

brought to trial." Id. at 67, 461 N.E.2d 892. In *Bickerstaff,* supra, the Court found no prejudice from a five-month delay between the filing of the Motion to Dismiss and the trial court's ruling upon the motion. Id.

**{¶28}** In the case at bar, the trial court overruled Guinto's motion to dismiss and motion to suppress by entries filed July 9, 2012. Accordingly, the time between June 26, 2012 and the trial court's ruling on the Motions on July 9, 2012 is not included for speedy trial purposes. Guinto entered his plea on July 11, 2012. Thus, at the time of his plea, only 42 of the 45 days had elapsed for speedy trial purposes.

**{¶29}** The trial court correctly ruled that Guinto's right to a speedy trial was not abridged. Accordingly, Guinto's first and second assignments of error are overruled.

III.

**{¶30}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See B*urnside,* supra, citing

*State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶31} In his third assignment of error, Guinto argues the trial court erred by overruling his motion to suppress. The parties agree that the vehicle was lawfully stopped. The question in the case at bar is whether the lawful detention for the traffic infraction became an unlawful detention when the officer decided to call for the use of a narcotics-detection dog to sniff around exterior of the vehicle Guinto was driving.

{¶32} The use of a drug detection dog does not constitute a "search" and an officer is not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed in a vehicle. See *Illinois v. Caballes,* 543 U.S. 405, 409, 125 S.Ct. 834, 838, 160 L.Ed.2d 842(2005); *United States v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110(1983); *State v. Carlson*, 102 Ohio App.3d 585, 594, 657 N.E.2d 591(9th Dist. 1995); *United States v. Seals*, 987 F.2d 1102, 1106(5th Cir. 1993). Further, if a trained narcotics dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband. *United States v. Reed,* 141 F.3d 644(6th Cir. 1998) (*quoting United States v. Berry,* 90 F.3d 148, 153(6th Cir. 1996), *cert. denied* 519 U.S. 999 (1996)); *accord, United States v. Hill*, 195 F.3d 258, 273(6th Cir. 1999); *United States v. Diaz,* 25 F.3d

392, 394(6th Cir. 1994); *State v. French*, 104 Ohio App.3d 740, 663 N.E.2d 367(12th Dist. 1995*), abrogated on different grounds*, *City of Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091(1996).

**{¶33}** The Ohio Supreme Court has held,

"[W]hen detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning. *State v. Keathley* (1988), 55 Ohio App.3d 130, 131 [562 N.E.2d 932]. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates. *State v. Bolden*, Preble App. No. CA2003–03–007, 2004-Ohio-184 [2004 WL 77617], ¶ 17, *citing Delaware v. Prouse* (1979), 440 U.S. 648, 659, 99 S.Ct. 1391 [59 L.Ed.2d 660]. "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." *State v. Carlson* (1995), 102 Ohio App.3d 585, 598–599 [657 N.E.2d 591], *citing State v. Cook* (1992), 65 Ohio St.3d 516, 521–522 [605 N.E.2d 70], *and U.S. v. Sharpe* (1985), 470 U.S. 675, 105 S.Ct. 1568 [84 L.Ed.2d 605].

*State v. Batchili,* 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶12. In order to justify a continued detention beyond the normal period required to issue a citation the officer must have a "reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop." *Batchili,* ¶15. "In determining whether a detention is reasonable, the court must look at the totality of the circumstances." *State v. Matteucci,*

11th Dist. No. 2001-L-205, 2003-Ohio-702, ¶30, *citing State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489(1988).

**{¶34}** The time from the initial stop until the drug dog hit was approximately thirty-one (31) minutes. During this time, Trooper Morrison was running the car, driver and passenger's information through his car computer, was waiting on the current insurance card for the driver and was asking questions of the occupants based upon the "indicators" of potential drug use/possession that the Trooper observed. Specifically, Trooper Morrison was waiting for the pair to find a valid proof of insurance document for the driver, Guinto. The citation had not been completed before the drug dog arrived on the scene. Thus, Trooper Morrison's delay was attributable to the necessity that the Guinto provide valid proof of insurance. Once the drug dog alerted to the vehicle, police had probable cause to search that vehicle for contraband.

**{¶35}** No violation of Guinto's Fourth Amendment rights has been demonstrated. Therefore, we find the trial court correctly denied Guinto's motion to suppress evidence.

**{¶36}** Guinto's third assignment of error is overruled.

{¶37} Accordingly, the judgment of the Ashland Municipal Court, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN


_____

HON. SHEILA G. FARMER


_____

HON. PATRICIA A. DELANEY


WSG:clw 0509

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANTHONY GUINTO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-031 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court, Ashland County, Ohio is affirmed.   Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                   :

                          :

        Plaintiff-Appellee      :

                          :

                          :

-vs-                      :         JUDGMENT ENTRY

                          :

ANTHONY GUINTO       :

                          :

                          :

        Defendant-Appellant   :         CASE NO. 12-COA-032

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court, Ashland County, Ohio is affirmed.   Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. PATRICIA A. DELANEY