[Cite as *State v. Hucks*, 2016-Ohio-323.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3488 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| CHRISTOPHER HUCKS, | : | **RELEASED: 1/29/2016** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Michael L. Benson, Benson & Sesser, LLC, Chillicothe, Ohio, for appellant.

Sherri K. Rutherford, Chillicothe Law Director, and Carrie L. Rowland, Chillicothe Assistant Law Director, Chillicothe, Ohio, for appellee.

Harsha, J.

{¶1} Christopher S. Hucks was arrested and charged with a series of alcohol related offenses. After he was unsuccessful in obtaining all the discovery he requested, Hucks then filed a motion to dismiss the charges based on a claimed violation of his rights to a speedy trial. When the trial court denied the motion, Hucks entered a no contest plea to the charge of operating a vehicle with a prohibited concentration of alcohol in his breath.

{¶2} Hucks asserts that the trial court erred in denying his motion to dismiss because his statutory right to a speedy trial was violated when the state failed to bring him to trial within the required 90 days following his arrest. He specifically claims that the trial court erroneously tolled 106 speedy-trial days between his July 2, 2014 motion to compel discovery and his October 16, 2014 filing of a motion to suppress.[1]

{¶3} We reject Hucks's claim because at least 69 of these 106 days were tolled. Sixty-nine days constituted a reasonable period to allow Hucks to support his motion, the

---

[1] In his appellate brief Hucks claims this time period is 107 days from his July 2, 2014 motion for an order of discovery to his October 17, 2014 motions to suppress and in limine, but the latter motions were actually filed on October 16, not October 17, so the pertinent period is 106 days.

state an opportunity to respond, and the court an opportunity to rule.  In fact, Hucks's counsel advised the trial court that testimony would be necessary for the court to properly address the issues raised by his motion to compel discovery and that the best date for a hearing would be September 9.  In effect, this constituted a reasonable delay that tolled the speedy trial provisions under the Ohio Revised Code.

{¶4}    And at least 30 of 38 days that passed between the date that the state provided a response to his first request for discovery and the date that Hucks orally requested an order to compel discovery were tolled because of Hucks's additional request for discovery of evidence.

{¶5}    At best at the time Hucks filed his motion to dismiss, only 64 speedy trial days had passed. Because the trial court did not err in denying his motion, we overrule his sole assignment of error and affirm the judgment.

## I. FACTS

{¶6}    In the early morning of April 27, 2014, Ohio State Highway Patrol Trooper Adrian Wilson observed Hucks driving a car traveling eastbound on Fourth Street and turning right onto Paint Street in Chillicothe.  Trooper Wilson stopped Hucks after he saw him switch lanes without signaling, travel over a marked median edge line, and touch the center line. Hucks advised the trooper that he had been out partying and that he had consumed alcohol. Trooper Wilson observed that Hucks had bloodshot, glassy eyes and that he had a light odor of alcohol.  The trooper administered the horizontal gaze nystagmus field-sobriety test on him, and Hucks tested positive for six out of six clues, indicating that he likely had a blood-alcohol content greater than the legal limit.  After Hucks refused another field-sobriety test, the trooper arrested him and transported him to the police station to administer a breath test to determine his alcohol concentration.

{¶7}   The trooper charged Hucks with operating a vehicle while intoxicated, operating a vehicle with a prohibited concentration of alcohol in his breath, and a turn-signal violation. Hucks pleaded not guilty to the charges, demanded a jury trial, and specified that he wanted his case tried within the time provided by law.  On May 1, 2014, Hucks filed a notice requesting the state to provide discovery, including information related to his breath test.  On May 9, the state provided him with discovery pursuant to his May 1 request.

{¶8}   By letter dated May 12, Hucks requested "additional discovery," including (1) documentation regarding a May 6, 2013 request for service of an Intoxilyzer 8000 breath-testing machine, and related information from the Ohio Department of Health, and (2) videotape from the sally port and the intake room at the police station.  At a June 16 pretrial hearing, Hucks's counsel referenced his "additional discovery request" from May 12 and represented that he had not received anything from the state in response to this additional request, notwithstanding making a public record request as suggested.  The state noted that it was not aware whether any videotape existed and that Hucks's counsel had been advised that the service records for the breath-testing machine were not in the law director's possession and should be obtained directly from the Ohio Department of Health.  That same day the trial court issued an order that the state provide the requested additional records to Hucks by June 30.

{¶9}   On July 2, 2014 Hucks filed a "motion for order of discovery," seeking an order to compel the state to provide "essential information regarding the Intoxilyzer 8000 machine and results," which he claimed to have attempted to obtain from the law director's office and the Ohio Department of Health, including through his May 1 and 12 discovery requests.  The motion did not specify the exact categories of information and records that Hucks had previously requested but had not yet received.

**{¶10}** At a July 11, 2014 pretrial hearing Hucks's counsel advised the court that testimony was required for him to properly address the merits of his motion to compel discovery. Counsel indicated that the best date for an evidentiary hearing on his motion for him to present that testimony would be September 9:

> COURT:  This is TRC 14 2701 A, B, and C.  All being the State of Ohio vs. Christopher Hucks.  He is present appearing in this case with attorney Aaron McHenry.  This case was scheduled for a pretrial today, jury trial on July 24th. Subsequent to the scheduling of those proceedings, the Court received a motion to continue the jury trial of July 24th filed on behalf of the State of Ohio indicating that the arresting or citing officer is unavailable for trial.  Mr. McHenry, the Court's also received a motion for order of discovery that was filed on July 2nd which the Court construes as a motion to compel discovery.  Would that be correct?
>
> MR. MCHENRY:  It is, your honor.
>
> COURT:  So, in light of that motion to compel being before the court, I believe that testimony is going to be necessary in order to properly address the issues raised by your motion.
>
> MR. MCHENRY:  It will be.
>
> COURT:  And, in light of that, I'm going to vacate, essentially grant their motion to continue the jury trial and vacate the jury trial of July 24th and we're going to schedule this case for hearing on your motion to compel as well as a pretrial.  It looks like you've been able to confer with Mr. McKeever about a date when you might be available?
>
> MR. MCHENRY:  Yes, your honor.
>
> COURT:  And the best date for that's September 9?
>
> MR. MCHENRY:  Yes, your honor.

**{¶11}** At the September 9 pretrial hearing the state advised the trial court that it had provided everything Hucks had requested that was within the law director's possession.  The parties represented to the court that they had reached an agreement on what the state would attempt to request and obtain for Hucks from the Ohio Department of Health that had not been obtained in accordance with Hucks's May 1 request for discovery.  Based on that

stipulation the trial court granted Hucks's motion and on September 11 ordered the state to provide Hucks with certain categories of records that had been requested by him on May 1.

{¶12} On October 3 following a pretrial hearing at which Hucks's counsel complained that the state had not complied with the prior order, the trial court ordered that the state provide the requested records within seven days. Based on Hucks's counsel's representations at the pretrial hearing that he would file a motion to suppress once discovery was completed, the trial court tolled the speedy-trial time limits so that Hucks could engage in motion practice.

{¶13} On October 16 Hucks filed a motion to suppress all evidence obtained from him and a motion in limine to prohibit the state from introducing any evidence at trial regarding his performance on any field-sobriety test. After conducting a hearing, the trial court issued a decision in February 2015. The trial court granted the motions in part and denied them in part, ruling that the results of the horizontal gaze nystagmus test would be inadmissible at trial, but that there was probable cause for the trooper to initiate the traffic stop.

{¶14} Hucks then withdrew the remaining branches of his motion to suppress and on February 18 filed a motion to dismiss the charges, claiming his constitutional and statutory rights to a speedy trial had been violated. Hucks argued that 297 days had passed from the date of his arrest and that after deducting 117 days that his motions were pending, 180 days had passed for speedy-trial purposes. The trial court determined that Hucks had established a prima facie case for discharge and ordered the state to file a response.

{¶15} After the state filed its response, the trial court denied Hucks's motion to dismiss. The trial court determined that 57 days had elapsed from Hucks's arrest for speedy-

trial purposes and that neither his constitutional nor his statutory right to a speedy trial had

been violated.[2]

**{¶16}**  Hucks then entered a plea of no contest to the charge of operating a vehicle

with a prohibited concentration of alcohol in his breath, the trial court convicted him of that

charge, and sentenced him accordingly.  The trial court dismissed the remaining charge.

This appeal ensued.

## II. ASSIGNMENT OF ERROR

**{¶17}**  Hucks assigns the following error for our review:

I. The Trial Court erred in overruling Defendant-Appellant Christopher S. Hucks'
Motion to Dismiss on grounds that his statutory rights to a speedy trial were
violated, where the State failed to bring him to trial within the mandatory time
period set forth in R.C. 2945,71 and 2945.72.

## III. STANDARD OF REVIEW

**{¶18}**   Appellate review of a trial court's decision on a motion to dismiss for a speedy-

trial violation involves a mixed question of law and fact.  *State v. Sinkovitz*, 2014-Ohio-4492,

20 N.E.3d 1206, ¶ 6 (4th Dist.); *State v. Crocker*, 2015-Ohio-2528, 38 N.E.3d 369, ¶ 55 (4th

Dist.). We defer to the trial court's factual findings if some competent, credible evidence

supports them, but we review de novo the court's application of the law to those facts. *Id.*

## IV. LAW AND ANALYSIS

**{¶19}**  In his sole assignment of error Hucks asserts that the trial court erred in

denying his motion to dismiss for a statutory speedy-trial violation.  The Sixth Amendment to

the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a

criminal defendant the right to a speedy trial, and this guarantee is implemented in R.C.

2945.71, which provides specific statutory time limits within which a person must be brought

---

[2] Hucks does not challenge the propriety of the trial court's determination that his constitutional right to a speedy
trial was not violated.

to trial. *See State v. Taylor*, 4th Dist. Adams No. 14CA993, 2015-Ohio-2919, ¶ 10, citing

*State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

**{¶20}** Hucks was charged with two misdemeanors of the first degree and one minor

misdemeanor. R.C. 2945.71(B)(2) required that Hucks be brought to trial within 90 days of

his arrest. In his motion to dismiss Hucks established that more than 90 days had passed

without him being tried. Thus he made a prima facie case for dismissal based on the statutory

speedy-trial limits. *State v. Davis*, 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 19.

The burden then shifted to the state to show that the speedy-trial limit had not expired

because R.C. 2945.72 extended it. *Id.*

**{¶21}** Under R.C. 2945.72(E) and (H) respectively, the time within which an accused

must be brought to trial is extended by "[a]ny period of delay necessitated by reason of a * * *

motion, proceeding, or action made or instituted by the accused" and "the period of any

reasonable continuance granted other than upon the accused's own motion."

**{¶22}** Beginning with his arrest on April 27, 2014 until he filed a demand for discovery

on May 1, the trial court correctly determined that three days elapsed for speedy-trial

purposes. *See State v. Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 9 (in

computing the speedy-trial time charged to the state, it begins with the day after the

defendant is arrested and does not include the date a motion is filed); R.C. 1.14; Crim.R. 45.

**{¶23}** The trial court next properly determined that the time was tolled from May 1 until

the state responded to the discovery request on May 9. "A demand for discovery * * * is a

tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-

781 N.E.2d 159, syllabus; *State v. Toler*, 4th Dist. Ross No. 09CA3103, 2009-Ohio-6669, ¶

20 ("A defendant's filing of a motion for discovery tolls the speedy trial clock"). "Discovery

requests by a defendant divert the attention of prosecutors from preparing their case for trial,

thus necessitating delay." *Brown* at ¶ 23. " 'The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.' " *Id.* at ¶ 24, quoting *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978).

**{¶24}** The trial court then concluded that the 38-day period from when the state responded to Hucks's first discovery request on May 9, to the June 16 pretrial hearing at which Hucks sought to compel compliance with an additional discovery request, was chargeable to the state. Although the state did not challenge this determination, our de novo review of the trial court's application of law to the pertinent facts leads us to a different conclusion. On May 12, Hucks made a request for additional discovery by letter. That request was the subject of his June 16 oral request for a trial court order to compel that additional discovery. As a second request for discovery, it also tolled the speedy-trial time to give the state a reasonable opportunity to respond for the same reasons that the first request did. *See Brown* and *Toler*; R.C. 2945.72(E); *State v. O'Malia*, 7th Dist. Jefferson No. 11 JE 22, 2012-Ohio-2051, ¶ 18-20 (unfiled discovery request tolls the speedy-trial time). In many cases courts have interpreted a reasonable time to mean 30 days. *See State v. Nichols*, 4th Dist. Adams No. 12CA955, 2013-Ohio-308, ¶ 24, and cases cited therein. Therefore, 30 days of this 38-day period were tolled to give the state an opportunity to respond to Hucks's additional request for discovery.

**{¶25}** Next, the trial court determined that the period from when it issued its June 16 order to compel the state to comply with Hucks's second discovery request, to when he filed his July 2 motion to compel discovery, was not tolled. " '[I]f the defendant's motion to compel discovery is necessitated by prosecutorial misconduct in refusing to comply with a discovery request, then any delay caused by the motion is not chargeable to the defense and does not toll the speedy trial time.' " *State v. Guinto*, 5th Dist. Ashland Nos. 12-COA-031, 12-COA-

032, 2013-Ohio-2180, ¶ 25, quoting *State v. McDaniel*, 2d Dist. Miami No. 93-CA-38, 1994 WL 371229, *3, fn. 5 (July 13, 1994); *State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 24 (motion to compel discovery does not toll speedy-trial time because it "was necessitated by the state's failure to fully comply with [the defendant's] earlier discovery request").

**{¶26}** It appears that the state at least in part overlooked Hucks's May 12 request for a videotape from the police sally port and intake room because its counsel stated at the June 16 pretrial hearing that he would remind his administrative staff to obtain a copy of the videotape, if any existed.

**{¶27}** Nevertheless, R.C. 2945.72(E) "creates no 'affirmative duty [on the state] to show that a motion diverted the prosecutor's attention or caused a delay in proceedings before speedy-trial time is tolled.' " *Staffin*, 2008-Ohio-338, at ¶ 15, quoting *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26. A motion to compel discovery tolls the speedy-trial period to allow a reasonable opportunity for the state to respond to it and for the court to rule on it. *Staffin* at ¶ 15. What constitutes a reasonable time depends on the particular facts and circumstances of a particular case. *Id.*, citing *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1998).

**{¶28}** Here, as in *Staffin*, any tolling for Hucks's June 16 motion to compel was minimal because the state responded to it at the pretrial hearing and the trial court granted the motion on the same date. Therefore, the trial court properly determined that because the motion to compel was necessitated by the state's noncompliance with Hucks's second discovery request, the speedy-trial time was not tolled from June 16 until Hucks filed a motion to compel discovery on July 2. Therefore, these 16 days were chargeable to the state.

{¶29} Hucks's primary argument on appeal is that the trial court erred in finding that the 106-day period from when he filed his July 2 motion to compel discovery to when he filed his July 16 motions to suppress was tolled. We disagree.

{¶30} Hucks did not specify in his motion what parts of his discovery requests the state failed to comply with and what requested categories of records he had not received. He instead referred generally to "essential information regarding the Intoxilyzer 8000 machine and results." The motion was not in a form in which the state could intelligently respond.

{¶31} At the July 11 pretrial hearing Hucks's counsel advised the court that testimony would be necessary for the court to properly address the issues raised in his motion and that the best date for him to support the motion with testimony was September 9. In effect, Hucks agreed that he required this additional, reasonable period of time to support his motion, for the state to respond to it, and for the trial court to rule on it. Ultimately, the proceedings revealed that the motion related to his first (May 1) demand for discovery rather than his second (May 12), which had been the subject of his prior oral motion to compel.

{¶32} Moreover, it is not entirely clear that this motion to compel discovery was caused by "prosecutorial misconduct" or "indolence" by the state; at the September 9 hearing, the state represented that it had immediately provided Hucks with the requested discovery that was in its possession and was attempting to secure the remaining records from the Ohio Department of Health. *See State v. Eyer*, 12th Dist. Warren No. CA2007-06-071, 2008-Ohio-1193, ¶ 15 (state has a responsibility to take reasonable steps to accommodate defendant's retrieval of requested Ohio Department of Health records by either providing the material or providing the defendant with the necessary access to obtain the material herself).

{¶33} In light of Hucks's counsel suggestion that the additional time from the July 2 filing of his motion to compel until September 9 was required for him to support his motion,

the state to respond to it, and the trial court to rule on it, tolling the speedy trial time until that date was a reasonable continuance under R.C. 2945.72(E) and/or (H). The trial court properly tolled the speedy-trial time for this 69-day period.

{¶34} Consequently, as of September 9, 2014, a total of 27 days had elapsed for speedy-trial purposes. We thus need not address whether the trial court erred in tolling the time for the remaining 37 days of the 106-day period until Hucks filed his motions to suppress and in limine, because at most only 64 days had passed for speedy-trial purposes; Hucks does not contend that the trial court erred in tolling the remaining time after he filed his motions to suppress and in limine. *See State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005–Ohio–6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment) (" 'This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further' "); *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 18. The trial court did not err in denying Hucks's motion to dismiss for violation of his statutory right to a speedy trial. We overrule Hucks's sole assignment of error.

## V. CONCLUSION

{¶35} The trial court correctly determined that Hucks's statutory right to a speedy trial was not violated. Having overruled his assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**